IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Linda Ann Glover,<br>　　　　　Debtor, | Bankruptcy No: 19-20069-CMB<br>Chapter 13 |
| Headlands Residential Series Owner Trust, Series A,<br>　　　　　Movant,<br>　vs. | Related to Claim No. 7<br>Related to Document No.<br>Docket Document No. 127 |
| Linda Ann Glover,<br>　　　　　Respondent | |

OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE

AND NOW the Debtor Linda Ann Glover, through her attorney David A. Colecchia, Esq., files the within Objection to Notice of Mortgage Payment Change. In support of said Objection, the Debtor avers the following:

1. This is a core matter to which the Debtor may enter a final judgment.

2. However, if it is later determined this Court cannot enter a final judgment absent consent by all parties, the Debtor consents to this court entering a final judgment.

3. The Movant Headlands Residential Series Owner Trust, Series A, is a Series LLC and not a federally insured depository institution.

4. Regardless, as this is an Objection to a Notice of Mortgage Payment Change, the Debtor submits that it is the Notice itself, not this Objection, that acts as the initial filing for this contested matter.

5. To that end, service by the ECF system to Headlands' registered attorney pursuant to F.r.Civ.P. 5(b)(2)(E) is appropriate, as opposed to serving the objection by first class mail pursuant to F.R.Bankr.P. 7004(h)(1).

6. On February 22, 2022, Headlands filed a Notice of Mortgage Payment Change related to Claim No. 7.

7. That Notice purports to increase the monthly payment for escrow from $138.95 to $212.24, thus increasing the overall monthly payment to $631.92 per month.

8. The Debtor has noticed two concerning matters related to the Notice.

9. First, the escrow analysis attached to the Notice lists three transactions in January 2022 that are not otherwise explained.

10. The escrow analysis lists first a transaction providing a credit of $10,440.79.

11. Then, two lines down, the history lists a debit of $9,214.63, and immediately after, a debit of $10,440.79.

12. These three transactions, taken together, create an unexplained debit of $9,214.63 to the account.

13. The credit of $10,440.79 cannot correspond to the escrow deficiency listed as arrears in the prior filed Proof of Claim, as those arrears total $5,557.01.

14. Furthermore, if the $10,440.79 credit were meant to account for payment of mortgage arrears, that credit would not be immediately removed afterwards, and thus create an artificially low escrow balance.

15. The more concerning issue is the listing of force-placed insurance on the account analysis.

16. Normally, a mortgage company is not allowed to charge for force-placed insurance unless an the lender is unable to disburse funds from the escrow account for payment of insurance proceeds, or alternately if insurance is not escrowed and the borrower does not show that insurance exists on the property.  12 C.F.R. §1024.17(k)(5); 12 C.F.R. §1024.37.

17. Based on the records included within Claim No. 7, it is unclear if insurance payments were included in an escrow account during the life of the loan, or in the alternative what prior proof may have existed as to homeowners insurance such that the lender could renew such insurance directly pursuant to §1024.37.

18. Given that, it is not clear if Headlands is entitled to charge for force-placed insurance or not under these circumstances.

19. The Debtor believes and therefore avers additional information from Headlands is necessary in order to determine the propriety of both the January 2022 escrow account entries, as well as the propriety of force-placed insurance.

WHEREFORE, Respondent respectfully requests this Honorable Court grant Debtor's Objection, and thereafter direct Movant Headlands Residential Series Owner Trust, Series A, to provide the additional information requested to Debtor, or in the alternative, to file an Amended Notice of Mortgage Payment change correcting any identified issues.

Dated: March 14, 2022

Attorney for the Debtor,

/s/ David A. Colecchia
David A. Colecchia, Esq.
David A. Colecchia and Associates
Law Care
324 S. Maple Ave.
Greensburg, PA 15601-3219
724-837-2320
PA ID 71830
colecchia542@comcast.net